KIP (JACKSON v.). See Case No. 7,138.
KIP v. KIP. See Case No. 7,138.

## Case No. 7,836.

### In re KIPP.

[4 N. B. R. 593 (Quarto, 190); [1] 4 Am. Law T. 60; 1 Am. Law T. Rep. Bankr. 246.]

District Court, E. D. Michigan. 1871.

BANKRUPTCY—PREFERRED CREDITORS — PENDING SUIT.

Until a recovery has been had, by judgment or decree, a preferred creditor may surrender under section 23 [of the act of 1867 (14 Stat. 528)], and his right to make probate of his debt and share in the distribution of bankrupt's estate will not be affected by suit commenced and pending against him at the time of such surrender.

[Cited in Re Stephens, Case No. 13,365; Re Leland, Id. 8,230.]

"It is hereby stipulated and agreed, by and between William Jennison, attorney for John N. McDonald, survivor, etc., and Cleveland Hunt, attorney for William F. Linn, assignee of said Joseph S. Kipp, that the following facts are admitted to be true in this cause: That said Joseph S. Kipp was, on or before the 4th day of May, A. D. 1869, a merchant, doing business in Bay City, Michigan, and was indebted to several creditors, amongst whom was the firm of McDonald & McDowell, merchants in said Bay City, and of which firm said McDonald was a partner; and that the debt of said firm against said Kipp was nine hundred and eighty-eight dollars and fifty-three cents. That said Kipp confessed judgment in the circuit court for the county of Bay, Michigan, for the sum of nine hundred and eighty-eight dollars and fifty-three cents, in favor of said McDonald & McDowell, on the 4th day of May, A. D. 1869. That an execution issued upon said judgment on the 6th day of May, 1869, and upon which day the sheriff of said county levied upon the stock of goods of said Kipp, and proceeded to advertise the same. That on the 11th day of said May, and before said goods were sold under said execution, said Kipp sold said stock of goods to said McDonald, etc., in full payment of said judgment, and which, with the cost of said proceedings, was the fair value of said goods. That the petition in bankruptcy in this case was filed by a creditor of said Kipp, May 22d, 1869; and that said Kipp was adjudged a bankrupt on the 18th day of September, 1869. That on the 4th day of February, 1870, William F. Linn, the assignee of said bankrupt, commenced proceedings against said McDonald, as survivor of himself and said McDowell, also deceased, in 1869, by

[1] [Reprinted from 4 N. B. R. 593 (Quarto, 190) by permission.]

filing a petition in said court to recover the value of said goods. That on the 4th day of April, 1870, and before any proceedings other than the filing of said petition was had to recover the said property so sold as aforesaid by said Kipp, the said McDonald, as survivor of himself and said McDowell, surrendered to said assignee the value of said goods by paying the sum in money to him, together with the cost of proceedings, and took from him his receipt in full thereof, as per Exhibit A annexed. That at the time of the sale of said goods, to wit, the 11th day of May, 1869, the said Kipp was insolvent; and said McDonald & Co. had reasonable cause to believe that he was so insolvent. (Signed) Cleveland Hunt, Attorney for Assignee. Wm. Jennison, Attorney for McDonald."

Exhibit A. "In the Matter of Joseph S. Kipp, Bankrupt. Received of William Jennison, Esq., attorney of John McDonald, and Charles M. Averill, executor of McDowell, one thousand one hundred and sixteen dollars and ninety-seven cents, ($1,116.97), amount in full of claim against them as preferred creditors of Kipp, being value of goods received by McDonald and McDowell, in May, 1869, in Bay City, of said Kipp; said Jennison is to pay marshal's and clerk's costs. (Signed) W. F. Linn, Assignee."

LONGYEAR, District Judge. Deeming the question raised by the issue above certified of sufficient importance, I ordered the same to be argued before me on the 28th day of February, 1871; and the same was accordingly argued by Mr. Cleveland Hunt, for the assignee, and Mr. William Jennison, for John N. McDonald, survivor, etc. The distinct issue or question of law arising in this case is not stated with such clearness and certainty as could be desired; but the facts clearly appear, and from them I infer, and find my inferences confirmed by the statements of counsel on the argument, that the specific grounds of opposition to McDonald's claims are: First. That the case falls under the second clause of section 23 of the bankrupt act, and that McDonald's surrender to the assignee of all property, etc., received by him under his preference, not having been made until after suit brought against him by the assignee for the recovery of such property, is not such a surrender as is contemplated by section 23. Second. That the proof of the claim is absolutely barred by the last clause of section 39 of the bankrupt act.

It does not appear in the record whether or not there was a demand and refusal before the assignee brought his suit. It was claimed, however, on the argument, and conceded, I believe, that there was such demand and refusal. But in the view I take of the law, I do not consider it material whether there was such demand and refusal or not. It has been already decided by this

court: First. That the operation of the second clause of section 23 is, in the first instance, merely to suspend the right of a preferred creditor to prove his claim until he shall first have surrendered; to ripen, however, into absolute prohibition if said surrender shall not be made. Second. That such surrender cannot be made after a recovery has been had under sections 35 and 39. Third. That the absolute prohibition contained in the last clause of section 39 applies only after such recovery. Fourth. That the recovery provided for in sections 35 and 39, when considered in relation to the surrender provided for in section 23, means a recovery in its strict legal sense, viz. by judgment or decree. In re Scott [Case No. 12,518]; In re Tonkin [Id. 14,094].

Under the above rulings, and to which I fully adhere, it inevitably follows, that until a recovery has been had, as above defined, that is, by judgment or decree, a preferred creditor may surrender under section 23, and his right to prove his debt against the bankrupt's estate, and to receive dividends therefrom, will by such surrender be revived, and become binding on all concerned, regardless of the question whether a suit shall or shall not have been commenced against him by the assignee, and be pending at the time of such surrender. Whether, in case of an offer to surrender after a trial shall have been commenced in such a suit, the matter would not be so far under the control of the court that it could not and would not direct a judgment to be entered, notwithstanding such offer, is a question not involved in this consideration, and is therefore not now decided.

The able arguments of counsel for the assignee against the policy of allowing preferred creditors to prove their debts, after having refused to surrender on demand, and put the assignee to the trouble, delay, and expense of bringing suit, may be, and probably are, good and sound in favor of an alteration of the law, so as to fix some definite time within which preferred creditors shall surrender after demand. But the law must be administered as it is; and so administering it in this instance, I must hold that the debt of the said John N. McDonald, survivor, etc., as certified to me by the register, is provable against the estate of the said bankrupt.